RAILROAD v. TILMAN.

(*Jackson.* April 14, 1897.)

1. RAILROADS. *Notice to agent of the killing of stock.*

The notice required to be given, under Sec. 4, Ch. 101, Acts 1891, by the owner of an animal killed or injured by a train, to the nearest agent of the railroad company, of such owner's application to a Justice of the Peace for the appointment of appraisers to assess damages, must be given to the agent of the company nearest the place where the accident occurred, no matter whether he lives in the same civil district or even the same county.

Act construed: Acts 1891, Ch. 101, Sec. 4.

2. SAME. *Appraisement of value of stock without the required notice invalid.*

And an appraisement of the value of stock killed by a train, made upon notice to other than such nearest agent of the company, is invalid, and it is error to admit it in evidence in a suit for the value of the animal.

Act construed: Acts 1891, Ch. 101.

---

FROM LAUDERDALE.

---

Appeal in error from Circuit Court of Lauderdale County. T. J. FLIPPIN, J.

W. E. LYNN and FENTRESS & COOPER for Railroad.

BLAIR PIERSON for Tilman.

Railroad v. Tilman.

SNODGRASS, Ch. J.   The question decisive of this
case, and another heard with it, is as to the construc-
tion of Sec. 4, Ch. 101, or the Acts of 1891, known
as the railroad fence law.   It is found on page 220 of
Acts of 1891.   The section referred to is as follows:

"*Be it further enacted*, That whenever any stock
is killed ,or crippled by any train of cars or loco-
motive upon any unfenced railway within this State,
it shall be lawful for the owner of the stock so
killed or crippled, after first giving the nearest sta-
tion agent of the company to which said railroad
shall belong written notice of his intention, to apply
to a Justice of the Peace within the district in which
said stock may have been killed or crippled, and said
Justice of the Peace shall appoint three discreet and
disinterested householders of his county a board of
appraisers, who, after being duly sworn, shall ex-
amine the stock so killed or crippled, and affix a
value upon the same, if killed, or assess the damage
to the same if crippled, and return to said Justice
of the Peace a written report carefully describing the
stock, stating whether they were killed or crippled,
and also setting out the valuation of assessment of
damages made by them; which report said Justice
shall file and preserve as a part of the records of
his office, and said report shall be *prima facie* evi-
dence as to the value of said stock killed or damage
as to that crippled."

The defendant n error gave notice to a station
agent of the railroad company, but not the near-

est agent to the place where the stock was killed. It appeared on offering the appraisement in evidence, that notice was given to an agent in the district where the suit was brought, but who was some miles away from the place of the accident, while there was an agent of the company much nearer. The plaintiff in error therefore objected to the introduction of the appraisement as evidence, which objection was overruled. The Court assumed, and later so charged, that the proper construction of the Act was not that the notice must be given to the agent nearest the accident, but to the nearest agent within the civil district where the accident occurred. The notice in this case had been given to such an agent, and, upon this ruling and charge, verdict was returned and judgment rendered for plaintiff. Defendant appealed and assigned this action of the Court as error, with others not necessary to notice.

The objection is well taken. The Act requires that the notice be given to the nearest agent of the company, and manifestly contemplates the agent nearest the accident, no matter whether he lives in the same civil district, or even the same county.

The error of the other construction is obvious when we consider that it would, in many instances, defeat the purpose of the law. This would be true whenever there was such a killing or crippling of stock in any civil district of any county in which the railroad company might not have an agent, though it had agents in other districts of the county;

and, again, where a railroad only passed through one civil district in a county in which it had no agent, unless the aggrieved party could notify its nearest agent, even out of the county, he would be remediless under the law—consequences never contemplated by the Legislature, and which, as before suggested, would practically defeat the purpose of its enactment. No construction, unless it imperatively required it, should be given to the Act which would make it operate only in those districts where the railroad companies might keep agents, and deny to the aggrieved citizens of other sections of the State the advantage of the law. And not only does its language not require such a construction, but, we think, imperatively demands the one we now give it, as its plain and obvious meaning.

The judgment is reversed, and the cause remanded for a new trial.